Clerk, please call the next case. Lorraine Soop v. Workers' Compensation Comm'n, 4-11-1079. Counsel, you may proceed. Oh, yes, they're searching for opposing counsel. There we are. Good morning. Good morning. May it please the Court, Counsel, and good morning, Your Honors. My name is Thomas Stroud. Today, on behalf of Lorraine Soop, this case is kind of interesting in that, fundamentally, I think this is a legal interpretation question. I mean, it's a manicus weight case on notice from our perspective. But what does it mean to give notice to the employer under Section 6C? You heard a case just on notice in part. But what does that mean? We have a case where the petitioner was found by the arbitrator and upheld by unanimous commission. And she did suffer an accident at work. That her surgery that she had, Dr. Lorenz, was related to that accident and would have potentially, probably, then had permanency as a result of the surgery. So she proved that she had an accident and everything was related. She lost her case on the jurisdictional question of notice. Now, what is it that this does follow as an ultimately manifest weight? Again, the commission decides as a factual matter whether proper notice was given, correct? That is correct. But what I'm saying, how this is an interpretation question, is to look at what actually happened. So petitioner testified that she gave notice, and there's no other evidence in the record to dispute this. She gave notice to Boyd. She gave the notice to Boyd, who she testified she believed was her immediate supervisor. And why did she believe he was her immediate supervisor? She'd been there a few months. She said, well, and we know this because it's an undisputed fact, Mr. Boyd is the one that sets up the machines. He was the ship expediter. And he told her what to do. Mr. Boyd is the one that told her, go do this. So can we excuse and forgive Ms. Shoup for thinking that Mr. Boyd had some kind of authority over her at the employer, considering he is the one telling her what to do? So every time some co-worker gives directions to somebody, that means they must, under the statute, become an employer? That is the question, Your Honor, fundamentally. She testified that she thought he had some supervisory authority over her. And they brought in witnesses that say he had no supervisory authority over her. He was a union hourly paid employee. And so doesn't it fall down to a question of fact as to whether he was or was not a supervisor for the purposes of notices? And the commission said, no, he wasn't. And they gave their reasons. So what's wrong? Well, Your Honor, because as I point out in the brief, it goes back to the old Shakespearean phrase, you know, rose by any other name smells as sweet. What makes Mr. Boyd a supervisor is not whether or not he wears a funny white hat on the floor. I mean, what their argument is, is that supervisors wear white hats. Well, there was nobody, according to the testimony, which is, again, an undisputed fact of the case, when she had her injury. There's nobody with a white hat on the floor. Nobody with a white hat to go tell. So she goes out and seeks the person that she believes has the greatest authority. No, there was nobody. But McGinn went further. He said that Boyd was not a supervisor and had no authority within the company. That was his testimony. Now, the commission could have said, we don't believe you. We think, based on her testimony, he was a supervisor and said, no, this was good. Or they could turn around and say, we do believe you, Mr. McGinn. And, unfortunately, she thought this guy was a supervisor when he wasn't. And, therefore, you haven't given notice. It was their choice. They made it. Well, Your Honor, respectfully, if the commission pointed over the corner and said, that's not a turtle, but it's a turtle, that doesn't mean that it's not a turtle, just because the commission says so. Well, that's provided you don't have someone who is competent in testifying that's not a turtle, it's a frog. Well, right. So, you know, I mean, and they had the witness. If they had known Mr. McGinn and she had testified, there would have been nothing more. You might have a lot stronger argument. Is your argument really that it's reasonable for the employee to assume the person to whom she spoke to was a representative of the company, had a supervisory position over her, and is that a logical perception or assumption? And, if so, that's sufficient notice. In part, Your Honor, that is the argument. And, as was discussed this morning, we're not going to cite commission cases, but originally that's what we had relied on coming up to that point, is that the commission had actually made a finding of an afterthought. So the idea of bringing in testimony that he's a union steward or that he's, in effect, treated as a co-worker by the company is irrelevant. Fundamentally, I'd be asking Your Honor to look at this case in two different ways. Number one, as Your Honor is suggesting, to say that if an employee, for good reason, has a reasonable basis to believe that the person they are giving notice to is a direct, immediate supervisor, as she testified they did, that that should suffice as sufficient notice. And you're saying we should find that even though she's wrong? I don't think, the second argument is, Your Honor, I don't think that she is wrong. No, but let's not get to the second argument before we get to the first one. Are you suggesting that we should write an opinion that said, so long as the employee thinks that the person that they gave notice to was a supervisor and has some basis to believe that, then they are, in fact, a supervisor regardless of whether they were or weren't. Your Honor, for the purpose of notice, I wouldn't say some believe. This is a court of nuance. I would say reasonable belief. If they have a reasonable belief. Here's the whole problem I'm having, notwithstanding the cogent analysis with frogs and turtles and everything. Is it a subjective, you were bringing this into the realm, he's saying it's subjective. Is the person, in reality, legally, objectively, a supervisor? You seem to be saying that if the employee has a reasonable belief, that it's subjective. Does the law anywhere support this theory? Can you quote me one case that says it turns on the reasonable, subjective belief of the employee? Can you do that? I cannot, Your Honor. Well, is subjective and reasonable the same thing? No, I don't think Your Honor. Can't reasonable be objectively determined under facts and circumstances by a finder of facts? I certainly think so, and that's what I'm trying to say in my second point. If the commissioner would have found that he was, in fact, her supervisor, he wouldn't have an appeal. It's a factual issue, and it's a manifest weight standard, and that means there's no right answer. There's a question of whether there is evidence in the record to support the conclusion reached by the commission, and whether the opposite conclusion is clearly apparent. In this particular case, there's evidence in the record by her. She thought he was a supervisor, and there's evidence in the record by the company saying he was no supervisor, and he had no authority under the company. The commission chose to believe the company. Except the acting, to use another phrase, actions speak louder than words. He did have authority. Well, you're asking us to re-weigh this evidence and say that the conclusion that they made, that a unanimous commission made, was against the manifest weight of the evidence because she said she thought he was her supervisor. Not just because she reasonably thought so, Your Honor, but because he is the person that told her what to do. The fact that a respondent brings somebody in to say, well, under official company policy, this man is not a supervisor does not change the actual facts of what the man did. He was the actual shift expediter. He's the one that told her what to do. Wait a minute. Anybody within a company structure that may have more seniority than another person that says, you know, you go work on that machine today, suddenly becomes a supervisor for purposes of notice? I don't think so. I would respectfully ask this Court, why not? Why not because there's a reason why it has to be reported to a supervisor. Because it's the person in the chain of command that would be expected to take actions on the part of the employer to investigate the claim. Well, then I ask, Your Honor, to interpret this Court's decision in Weston. What I would struggle with, as I've pointed out, in that case, the Court was not specifically interpreting whether the secretary was sufficient notice. But look at the Weston case. The issue is notice. Petitioner goes in and tells the secretary in an engineering department that they had an injury. This Court had no problem finding that that was sufficient notice under the act. This is a secretary in an engineering department. What did the commission find? What did the commission in that case find? Did we affirm the commission or reverse them? You found that there was sufficient notice. Did we reverse the commissioner or did we affirm the commission? It was the commission that found there was sufficient notice because of what her job duties were. In this particular case, the commission found he wasn't. The commission didn't focus on the job duties of the secretary. No. The commission said that secretary was a person to whom notice was given. Many times you've got a secretary does the workers' stuff for a company. You report to that secretary that you were injured, that's good enough. That's what they do for a living. That's the structure. This guy didn't do that. There was no evidence that he did.  What actually does, if you think about it logically, qualify as a supervisor? Why does a secretary then qualify as a supervisor? What qualifies as a supervisor is whatever the commission says qualifies as a supervisor under any given set of circumstances. You're making a logical point, but let's go back to the beginning. You acknowledge that this is a factual question, and you're telling us all about with a claimant belief. I think you're overlooking a very crucial part of evidence that totally weighs against your point. Is there not evidence in the record that all supervisors at this company wore white hats? That is correct. Does Boyd wear a white hat? He does not. Did the claimant know that all supervisors at the company wear white hats? Yes. So where is the reasonable conclusion he's a supervisor? She knows they wear white hats. It's not as if he doesn't wear a white hat. If you want to go in and talk about even your evidence, forget about a belief, that totally undercuts any belief that he was a supervisor. Except, Your Honor, as with most things in the law and the facts, there is nuance there, and it wasn't so clear cut in her testimony that she knew all supervisors wore white hats. Her specific direct testimony is that she did believe Mr. Boyd was her immediate supervisor. That was the testimony, not just that the management wore... And there was nobody, respectfully, with a white hat on the floor. So was there anybody in the supervisory role? If Mr. Boyd is not the actual supervisor telling people what to do and managing what is happening on the floor that night, and there's no white hats around, then who is managing the company? That's not the question. That's not the issue. The issue is, is he or is he not? He doesn't wear a white hat, and she says that she knows supervisors wear white hats. Some supervisors do. But you're saying that because there was no one wearing a white hat on the floor that there were no supervisors anywhere available to report this, either that day or the following day? Well, at least that day there wasn't anybody to report it to. Well, I'm not on the floor. I don't think there's any evidence in the record there weren't any supervisors at work. There was just evidence. She said there was nobody on the floor with a white hat. Right. So, again, if we go back then to the reasonable beliefs, that is my argument, that a reasonable belief says she's going to the person that she believes has the greatest authority on the floor, the one that's telling her what she's supposed to do, that person then in turn tells her you probably shouldn't do anything else about this because that promotion that you want, by the way, you're not going to get it if you further report this up. So you have a situation where an employee gets... So when the apprentice electrician, when the apprentice electrician gets hurt and he tells the journeyman that he's working with, I got hurt, we now have a report to the company because I guess the journeyman's a supervisor. Is that true? If I can be allowed to answer that. Go ahead until the light turns red. Oh, is it? Yes. It's got to turn red before you're done. Oh, okay. Well, respectfully, Your Honor, in your example, does the journeyman tell the apprentice what to do? Of course he does. He's supervising. He's teaching them. He supervises them. So if they are in fact supervising, does that not in fact make them a supervisor? In the field. It's got nothing to do with it. I mean, they're not supervising personnel. They can't hire and fire people. They can't punish them. But they certainly do tell them what to do. You know, put the white wire to the white wire, put a little nut on it, put the black wire to the black wire. That's what you do. All of a sudden he becomes a supervisor for purposes and notice for the combat. I mean, we sympathize with you. It's a very terrible thing. But the fact of the matter is somebody has to be able to factually decide who's a supervisor and who isn't. And I think that falls to the commission. And they made the decision in this case. Well, if that is the position this Court were to take, then I do ask that you consider the alternative argument. We haven't decided anything yet, by the way. I'm just saying if hypothetically this Court were on that specific issue to say, look, the commission has the authority to say. You don't have enough weight of evidence to overturn that part. Again, ask this Court to look at the argument about a reasonable belief. You have a case where, again, everybody to this point has believed that she actually suffered an accident at work, actually had a surgery related to it, believed her that the reason she didn't do anything further is because of that. You're asking us to, based on our compassion for the petitioner, to wipe aside the question of jurisdiction. And we can't do that. And whatever the result is, the result is. So if we're to find no notice, it's not because we don't sympathize with this lady, but we can't wipe away a jurisdictional requirement because we feel sorry for her. If I can respond to that. Again, respectfully, I'm not asking for compassion in this case. The undisputed facts are that when she got injured, she sought out the person on the floor that she reasonably believed had the greatest amount of authority on the floor. And it was only after discussing with that person and that person telling her, you're not going to get the promotion if you report it, that she decided to do nothing further. She did the right thing at the beginning when she got injured. She went and sought the person on the floor immediately around her that had the greatest amount of authority. That should suffice under the act. I'm not asking for it to be compassionate. Those are the facts of the case. And under those facts of the case, I would urge this court to overturn the decision of the commission on notice and find that she did give proper notice under Section 6C and uphold the rest of the issues on accident and causal as not being against the manifest way. Thank you. Thank you, counsel. Counsel, you may respond. Thank you. And, sir, before you even get started here, since you've already had a warm-up in the previous case, I want to jump right in with that issue about whether or not the claimant's subjective belief as to whether or not Boyd as a supervisor is relevant to the commission's analysis. Should they be looking strictly from the standpoint of was he in fact her supervisor or could she reasonably have concluded that he was her supervisor? So just adding to the mix in a hypothetical manner, just say that this fellow was wearing a white hat, not a supervisor's white hat, but he disliked white hats. He wore one that day. She makes her complaint, gives notice to him. She believes that he's her supervisor. He's not, in fact. Would that be noticed? Should we be looking at her subjective belief? No. And why not? Why not? Well, to start with, that's not what the statute says. None of the cases say that. So if you're talking about expanding the whole concept of who should be reported to. What does the statute in the cases say? Notice to the employer, which, by the way, does not say supervisor. It says notice to the employer. Now, in some companies, the person on the floor or whoever may have to go to the human resources person. It's not really a direct supervisor, but it's the person who takes the information. Maybe the person who's got the fax machine to send the stuff to the insurance company. In fact, the employer is required to post notice, aren't they? That's correct. In the Weston case, the guy went to the office and turned in his claim. That's probably good notice. Well, here, because she believes that this is the right guy to report it to, does it make it so? And every morning I walk in my office and my secretary shoots orders to me. She can't fire me. So does that give her authority because she gives me orders? You're saying even if there was a totally reasonable belief we would all concede on that this person was the supervisor, that is not the functional equivalent of the employer. That's correct. So even if in good faith she truly believed that and there was an issue, it wouldn't matter. That is what I'm saying. But in this case, it goes beyond that. When she goes to the doctors afterwards, she denies having a work accident. If she already believes she told the employer that she was injured at work, why would she have to withhold that from the medical providers? Then you go a few months down the road where she's sending e-mails because now she wants... That was explained by the response of the person to whom she told she had the accident, said, hey, if you want to get anywhere in this company, be quiet. That was her explanation. That's true. Okay. That's an explanation. But then she got her promotion. After the promotion, she filled out a disability claim form saying she didn't have a work accident. So the basis for her lies up to that point was no longer there. That was after the promotion? That was after the promotion. Maybe she wanted to keep her promotion. Well, so I guess the lie could go indefinitely, and the argument is let's support her lies until we then have to pay her benefits. Let's see your mark of a good liar. He tells you a lie today, and 10 years from now, he remembers the same lie and tells it to you again. It's a fact and circumstance. I mean, that's a good liar. That may be true. It then goes even further when she sends an e-mail to the employer later saying, I'm going to do now what I should have done a long time ago and turn this in its count. Okay. Now, this is why I'm having trouble because the cases are talking about supervisors, isn't it? First of all, a supervisor is an employee. Isn't it all come back the only way legally we can analyze a notice to an employer is through a principal agency concept? I think that's true, and in many cases, that is the supervisor. And so, well, we never, the cases just assume that. There's never any evidence showing that. I mean, is the supervisor an agent of the company? Some companies, yes. Some companies, no. But nobody ever puts on evidence. We all think, oh, it's a supervisor. Well, I think generally the claimants would testify, well, I told my boss. I told my supervisor. Well, it should be a fact matter presented and proved. I agree. Okay. Because that's the whole statute. If you're going to go and say the statute says employer, well, who is the employer? That's correct. In some cases, it's the HR person. In some cases, it's the guy with the white hat. No, the HR isn't an employer. Well, if they can bind the company, I think. Then they're an agent. I think they're an agent of the company, and I think that would be appropriate notice. If that's the policy of the company. Yeah, but they're not an employer. They're an agent of the employer. Fair enough. The problem is we've been led into, we're getting into a lot of speculation. Getting back to the basics, it's a factual question for the commission. The commission found, based on the evidence presented, that this person was not standing in the shoes of an employer. Therefore, is it clearly, is an apposite conclusion clearly apparent? Your position is no. That's the end of the inquiry. We don't have to get led into all of the speculation about who is or who is not a supervisor. Correct? I think that's true. Okay. I'm just trying to expedite that. That's only assuming if it's an objective test. Well, is interpreting employer an objective test? In this case, there was testimony. McGinn testified not only that Boyd wasn't a supervisor. He testified that he had no authority at all within the company. Right. He was an hourly union worker, which prohibits him from being in a management position. So, maybe in this case we do actually have evidence to the issue. I think that's true. In addition to all that, accident and causation should be reversed. We get back to the basis for her not being truthful with the medical providers. She was trying to protect her job or her promotion. The fact of the matter is, she denied having an accident. The fact of the matter is, she had degenerative changes. This acknowledges that it's a manifest way question, and whether or not there's sufficient grounds to overturn it. I think so, but I understand the uphill battle. Clearly, notice is our big issue, and we would ask that you affirm the denial of benefits on that basis. Thank you. Thank you, counsel. Counsel, you may reply. Thank you, Your Honors. I have a few points on rebuttal. To Your Honor's point about, again, this issue of notice to the supervisor, it's not just, she thought he had authority. Just the fact that they say he doesn't have authority doesn't mean he has authority. If she were to say, I don't have to do what you say today, because you don't have any authority in the company, what do you think would have happened to her? We don't know. She didn't do that. So the question becomes, what would have happened to her? According to McGuinn, nothing, because this guy had no authority at all within the company. Now, maybe something would have happened to her, in which case the commission may very well have found that he was a supervisor. Except, Your Honor, McGuinn did say that Mr. Boyd had the authority to tell her what to do. No, he didn't. Yes, he did. He said he had no authority at all within the company, and he was not a supervisor. But, Your Honor, respectfully, he did say that he was the shift expediter and did tell people which machines to work on. Which machine to work on, which is a little bit different than telling them how to do their job, or a little bit different than being able to punish them if they didn't. This is like the journeyman to the apprentice. It doesn't make them the employer. It doesn't make them a supervisor. Or at the very least, it's nothing more than evidence that he might have been, compared to evidence that he wasn't, and leaving the decision up to the fact finder as to whether he was or was not. Well, again, Your Honor, McGuinn said that Mr. Boyd had the ability to tell her what to do. No, he had the ability to tell her what machine to work on. Tell her what to do. Well, no, not what to do. Not how to operate it. Only you can work on this machine. He told everybody what machine to work on. Which would, if this man has the authority in the company on this ship. What was the exact testimony of McGuinn? He was the expediter. The exact testimony. He was the afternoon ship expediter. He's the one that set up the machines. So he's in charge of all the machines. And he's in charge of telling people what to do. He told the people which machines to work on. So he's the one coordinating all of the efforts on the floor. Mr. Strickland, isn't that Kim the employer? Would anyone reasonably think that this guy is handling workers' compensation? Combining the corporation under an agency theory? Well, respectfully, Your Honor, if we're going back to this idea of principal and agent, do we think under a normal circumstance that somebody out in the workforce, if they've got some guy on the floor and the only guy on the floor that's telling everybody what to do, what machines to work on, and they get injured, and they go tell that person, I got injured on the floor, I think probably most people would think that's the obvious, reasonable thing to do. And then that man is the one that told her, don't do anything further. And it may be in the structure of some corporation the commission would find he was. Well, Your Honor, I personally, when I look at this case, did think it opened up, frankly, a much larger issue of law that has not been dealt into by this Court about what actually serves as notice to the employer, and whether I am artfully or inartfully making the argument. There is a large question of this principal agent, and why do we just assume? Because the commission didn't say this man wasn't some management in the company. They specifically said he wasn't a supervisor. And that's a threshold question even. Why does that matter? Just to go completely, he was not a supervisor and had no authority within the company, is what McGinn said. We had no, Your Honor, we had no management, but specifically the commission said just because Ms. Shoup thought he was a supervisor doesn't make him so. But that doesn't get past the threshold question. I have a question. I wouldn't throw that he has no management out. Well, you're right. He's managing everybody. How could you say he doesn't have management authority? He's managing everybody. On a shift, he assigned them to the machines. Well, he's managing the floor in the sense he's managing, he's the one that's operating. Well, that's what we're going to be doing is we're going to be giving notice to supervising janitors. Because you've got one janitor that's in charge of two other janitors, so the guy gets turned on the machine, gives notice to the janitor. Well, if I'm a janitor and I'm a lower janitor than the janitor... And what about the guy operating the machine? Does he give notice to the same supervising janitor? Well, Your Honor, if I'm a machine operator, why would I think it's reasonable to give notice to a janitor? Because I heard him order another janitor around. Am I a janitor? No, you don't have to be, do you? Well, I think it is relevant that the man that she told was the man that actually told her what to do. Either within the factual scenario, that's the employer or it isn't. Because the notice has to go to the employer. So it has to be someone within the chain of authority. I think your time is up on reply. Thank you, counsel, both for the argument in this matter. It will be taken under advisement on a written dispositional issue. The court will stand in brief recess.